May it please the Court, good morning. My name is William Palmer, and I represent the appellants in this matter. I wish to reserve three minutes of my time to respond to questions. This case challenges the misuse of the California unclaimed property law, which was the basis by which State officials unlawfully seized citizens' property. Are you contending that the State officials operate in a fiduciary capacity when they seize property? Your Honor, I contend that the Comptroller acts in a custodial capacity. Does that create a fiduciary relationship, then, between the Comptroller and the owner of the security seized? Yes, I do. I believe it does, because the funds are held in trust by the State. If it is – if the funds are held in trust, and you can trace the funds from your client to the Comptroller's seizure, to the sale, and to the deposit, why can't, as a matter of trust law, you follow that path and seize the funds actually generated? That can very easily be done, Your Honor, and I'll tell you why. Because the funds are invested in investment pools. The securities are rolled over. That's the way our State holds money. I know that because I was a Chief Executive Officer of two investments. Is this what you plead, in essence, though? Yes, Your Honor. Okay. As I understand it, you have two theories here, not only a procedural theory, lack of adequate notice, but also a takings theory. Is that correct? That's absolutely correct, Your Honor. Not only were the funds taken without notice, the laws deliberately ignored, Section 1531, but there was no process. My client lives in England. He holds his property in England. He's never set foot in the State of California. He wakes up one morning, and a piece of his investment is taken and sold by the State of California. My other client is a flight attendant. She's been investing in a retirement fund that should be worth $800,000. She wakes up one day. Her retirement fund is gone. That's the TWA stock? Yes, Your Honor. And TWA went through bankruptcy, and the stock certificate is in the wallpaper? And I suspect, Your Honor, that's why the State of California can't find her investment, because they forgot to exchange it when they had the opportunity. So she's never received anything back, and the saying in her family now is that I fly until I die. The only affirmative defense that the State chose to preserve and has waived all others is the Eleventh Amendment and immunity defense, which has no application here. We're discussing private funds that were never part of the State FISC. We are discussing a State official who acted wholly outside the jurisdiction of the State of California, who was explicitly laid down by the State legislature. Why wouldn't the remedy that you seek involve a damages judgment against the State of California? There's two issues there, Your Honor. There is a damages remedy against the individual. My clients are asking for the return of their property. The nature of the property was stocked. It has continuous rights that run with it until it's properly I think they're asserting that the stock was sold. So what they would want is money compensation for the stock. That's a possible remedy. Is Kathleen Connell a bonded State employee? She was the elected State official. She bonded. I don't know the answer to that, Your Honor. You're not suing a bonding company for a government? I don't know the answer to that at this point. We were dismissed without hearing or opportunity to amend. I was toying with a theory, and I have not followed it up well enough to know if there's authority for it. The theory I was toying with was that the 11th Amendment immunity against money judgments that would invade the State treasury can't sensibly apply if the State confiscates somebody's property and sells it without following proper procedures because that would be inconsistent with the just compensation requirement. So I was thinking the only way you can have the State not avoid all the inverse condemnation cases by saying, ah, 11th Amendment is by saying the 11th Amendment doesn't apply to a just compensation claim. Is there any authority for this theory that I'm toying with? Actually, you've addressed that. The Ninth Circuit has, and so has the California Supreme Court. You've seen it many times when State officials sell property or destroy property. They try to argue that it's a fait accompli. The property's gone. This would be retroactive or retrospective relief against the State. You addressed that in Duke Energy, which dealt with the commandeering of the electrical contracts by Governor Davis. It has also been addressed by the Supreme Court in the Holt and Minsky cases, whereby property was seized from individuals and destroyed. The California Supreme Court held that the property had to be restored, that it was not retroactive or damages. Well, if you're attempting to recover the value of the property after it was sold, which I gather is what you're trying to do, then you necessarily have to invade the State fist, don't you? No, that's absolutely incorrect, Your Honor, respectfully. There's nothing out there for you to recover. That's not accurate. And let me explain why. Because may I explain? There's no grease out there that you can recover, is there? Yes, there is, Your Honor. You've got to get money from the State in lieu of the property. That's incorrect. And let me explain why. Because what they've paid to Mr. Taylor, nothing to Ms. Gonsalves, is what they did a notation for at the time they sold it. They took that stock, they put it in the California investment pool, and they rolled it over in investments. There are these pools all over our State. Every day at 5.30 a.m., young men and women get up and they roll the investments over. Those remain private funds. They were never part of the State fisc. They were taken in violation of the Constitution and in violation of the express statutes. That's Intel stock. I could trace it and show you where it is today. It's still in a private investment pool being rolled over, and that's how our bankrupt State is generating income for itself. You're saying that the money, when they sell the stock, doesn't go into the Treasury? No. It goes in investment pools. I know that because I ran two of them. Well, there's nothing in the record that demonstrates that, as a matter of fact, at this point, right? Because we're here only on the defense, right? I need to preserve some time, Your Honor, but I noted that in the complaint. If you read the complaint, I noted that they invested in the investment pools and rolled it over. And so it is in the record in the complaint. Yes, it's in the complaint. 12b-6, was it? Yes, it was 12b-6 without a hearing. Because the complaint is a fact. Yes. This is de novo. I wasn't provided with a hearing or an opportunity to amend. And I would like to preserve the last two minutes. Thank you, counsel. Counsel, before you commence your argument, do you represent the State of Kanow, a new counsel, do you represent the State of California? I represent the State Controller, Your Honor, of California. But you have asserted an affirmative defense of the Eleventh Amendment, correct? Correct. Do you have the authority from the Attorney General of the State of California to assert that defense in this case? Yes, Your Honor. What proof of that is there in the record? The State Controller, if you're asking me as a private attorney as opposed to a member of the Attorney General's office, the State Controller has to get approval from the Attorney General in order to engage private counsel. And we have such a letter which we can submit to the court. But isn't the defense, you see, the Attorney General is the chief legal officer of the State of California. Correct. If there's going to be a defense asserted in court in the name of the State, not in the name of a public official, then isn't it the job of the Attorney General and only the Attorney General to assert that defense? Or are you as an attorney working for the Attorney General authorized to assert the defense? No, Your Honor. I am representing a State constitutional officer. Under the Eleventh Amendment jurisprudence, a lawsuit against a State officer is the same as a lawsuit against the State. And I'm the fact is ultra virus. That officer still can be liable in her personal capacity, correct? The officer can be. She has not been named. Pardon me? Why was the case dismissed? Well, she first. It pleads a liability against, actually, she and her predecessors, including the Governor. She and her predecessors, including the Governor. It names only this then State controller in her official capacity as controller of the State of California. So in her official capacity as controller of the State of California under well-established Eleventh Amendment law, she is the State for purposes of the jurisdiction of a Federal court. I'm looking at the caption of the case. I don't see anything about official capacity. Your Honor, if you would look at the complaint itself. I see it on your brief. Yes. And in the opening brief. I'm sorry, Your Honor. On the complaint itself, she is listed as the controller of the State of California. She is not sued in her individual personal capacity here. The book is not in the State of California. I have not started the time running yet. I would guess we've used up a minimum of two minutes, probably more. Did you mean to exclude these questions from the time? Go ahead. Might as well just run it now, and I'll just give the other side a little more time. Thank you, Your Honor. I should identify myself. I'm Robin Johanson on behalf of the State controller of the State of California. In response to Judge Beezer's question earlier, all State constitutional officers are required to be bonded. The question here is really twofold. According to the plaintiffs, the controller's actions were taken ultra virus, and the law on which the plaintiffs rely for that contention has basically been overturned in the Panhurst case. Help me on a different issue before you start on that one. I know after reading this case I will never put any money in California. It just amazes me. Your Honor. It's very easy for me to imagine somebody with a six-figure income getting a check for $11.50 for a dividend and just forgetting about it, not getting around to depositing it because it's not worth a trip to the bank on account of how small it is relative to income until there are a whole pile of them. But I'm thinking the case, it looks like a takings case, and it just can't be right that there's an Eleventh Amendment defense in a takings case. There is, Your Honor, an Eleventh Amendment defense in any case. In the Panhurst condemnation case, we've all been wasting our time all these years, including the Supreme Court, deciding whether the government is or isn't liable to pay money, like in Nolan or any of these famous takings cases, because the State had an immunity anyway. Your Honor, the question here is not whether or not these plaintiffs have a forum in which they can obtain some sort of relief. They do. That's the State court. The Eleventh Amendment goes all the way back to Chisholm v. Georgia. If there's relief in State court or if it's a futility, Williamson, as I recall, lets you pursue an inverse condemnation case against the State in Federal court. Your Honor, I'm not familiar with the Williamson case. It was not briefed in this action. Supreme Court case that's seminal on that. And it involved a State. Inverse condemnation. Actually by a State, Your Honor, or was it municipal? We must remember that the Eleventh Amendment applies to States. Do you have any authority for the proposition that do you have a condemnation case, and it would ordinarily be an inverse condemnation case, against the State government in Federal court where it was held by a Federal circuit court or the Supreme Court that Eleventh Amendment immunity applied to protect the State from the claim for damages? Your Honor, I don't know of an inverse condemnation case. I would like to take the opportunity to research that and submit a different authority to the court. I will send you an order if we want supplemental briefing. Thank you. What I'm looking for, though, is something that basically says the Eleventh Amendment is an exception to the just compensation requirement. Your Honor, the just compensation requirement in this situation is a question under section 1983. That's what these plaintiffs have pled. They have pled that in this case, and we must remember that we are on a motion to dismiss. I would refer the Court, if you are concerned about California's unclaimed property laws, to the sections in the Code of Civil Procedure. There is much that happens before a plaintiff such as these would have his or her property taken. You don't send them an individualized notice, do you? Your Honor, we do. There's a central panel or trust which requires fiduciaries to deliver a precise notice in the best possible means. Your Honor, we are not a fiduciary. Oh. We are a holder. Holder of property and trust. We hold the property. The property. We hold the property. The State has received the property from a holder pursuant to law. And you've sold it. And you don't even give 1099s to the taxpayers, do you? Your Honor, we give the notice to the taxpayer as well as the holder giving notice. Do you give notices required by the Internal Revenue Code on sale of property? That, I don't think so. But I don't know that, Your Honor. Applegain's tax or take that as a loss? I do believe we do that, Your Honor. I cannot represent to the Court for sure. I do not know the answer to that question. If I read the complaint, you don't do any notice by mail to any taxpayer? Your Honor, the statute and the Comptroller's Office does do notice by mail. The holder does notice to the owner prior to delivery. The property is sheets to the State under certain very careful conditions. The holder. Adjectives are no argument at all. Not only is it careful, it's also very. The lack of force of the adjectives just bowls me over. I'm sorry, Your Honor. You're talking about notice. And what I want is nouns. I want to know what the notices are. It looked to me as I read the complaint. And I want you to educate me if I miss something. But it looked to me as when I read the complaint as though there is no individualized notice at all. That's not the case, Your Honor. Okay. Show me where in the complaint or where in the statute I'm missing something. The complaint alleges that notice was not given. That is an issue of fact. We deny it. Notice is given. It doesn't matter if you deny it, Your Honor. It's 12b-6. It's 12b-6. Your Honor, we are here on a jurisdictional 12b-1 issue. And that is the question of whether a Federal court has jurisdiction to entertain those claims. It's 12b-1 and not 12b-6. Show me in the record what the evidence is of some sort of individualized notice. The evidence in the record is in the statute, Your Honor. But the issue is the Eleventh Amendment. And under the Eleventh Amendment, the question before the Court is ---- Okay. Show me in the statute where the notice is. 1531 of the California Code of Civil Procedure, Your Honor, as well as 1516 of the California Code of Civil Procedure requires holders to give notice. They require that notice be given. Correct. But I thought that the claim was that notice had not been given. That is the claim. We deny it. But the question is, where can that claim be brought? Is there evidence that you did, in fact, give the notice? In the record, Your Honor, we are no. Because we were at the motion-to-dismiss level. We are dealing with a jurisdictional issue. The jurisdictional issue is whether ---- First, we asked you we thought it was 12b ---- we're thinking 12b-6. So we take the complaint as setting up the facts that we're supposed to make a decision on. Then you said, no, it's not 12b-6, it's 12b-1. Okay. I know 12b-1. 12b-1, there are often affidavits, declarations, sometimes sworn testimony that supplements the facts and bears on jurisdiction. So I ask you where it is. And then you can't tell me where it is. So I'm right back to the complaint. I'm sorry, Your Honor. The 12b-1 ---- we brought a motion under 12b-1 and 12b-6. 12b-1 is the Eleventh Amendment jurisdictional issue. And as ---- I know it's an Eleventh Amendment case. Everybody in the room knows that. I'm sorry, Your Honor. When you look at the complaint, each cause of action asks for damages against the State of California. It's pure Eleventh Amendment jurisprudence that they are not allowed to get damages against the State. It's retrospective. You can see they have a right to recover the proceeds of the sale of the property when you sold it. Isn't that right? Under California law, they can always bring a claim under Section 1540. And they can recover it under the bond, right, if there's a taking. You say the public officials are all bonded. The amount that would be paid, Your Honor, would come inevitably from the State Treasury. What's the bond for? The bond is for personal malfeasance. Okay. They can also get prospective relief, right? One of these fellows is the English fellow, says he has more stock that's likely to be as cheated without notice to him in the future under this procedure. And he wants an injunction to prevent that from happening. The Eleventh Amendment does not prohibit injunctive relief. I don't understand how you got that dismissed. The Eleventh Amendment prohibits the kind of injunction he's asking for, Your Honor. The injunction he wants. Don't take my stock. No. As I understand, when you look at the prayer for relief, he's wanting an injunction that the controller return the value of his property. That was part of it. He also wanted an injunction that the controller not take his stock in the future. Well, you know, Your Honor, that is, I think, the tantamount to a taxpayer action in effect. The controller is no more likely to take this gentleman's stock than he is anybody else's, and probably, in fact, right now, much less likely. Anyway, I'm not going to put any money in California. Well, Your Honor, I regret that. I think if the Court will look at the California Code of Civil Procedure sections paragraph 2 of the prayer, a permanent injunction restraining defendants from engaging in future unlawful and or improper transactions, as alleged in this complaint. That seems like it's not an invasion of the state fisc at all, just an ordinary ex parte young situation. As to that, we argued, and the Court has in our briefing, that this particular individual has no more standing to bring that kind of claim than any other taxpayer in the State of California. He has stock in California. You've taken it before. He's an expat who doesn't keep the same sort of residential connection that might enable him to control his property and protect it. Why doesn't he have standing? I don't get it. It's a pure taxpayer-related action, Your Honor. He's simply he's saying that he is asking for an injunction that the controller, quote, comply with the law when he cannot show that she. Pardon me? He's lost his stock. He has lost stock. And he will lose stock if it happens again. No. If he takes care of his stock, he's not going to lose his stock. Why should he take care of it? Your Honor, all he has to do with his stock is take possession of it. Counsel. You don't even seize his certificate. You go to the company and require them by law to issue a new certificate. Correct. And sell it. But, Your Honor, that's after the company has filed what's called a holder's report with the State of California. We don't go to the company. No, you send people out to investigate. There are three things that I got out of this case that he can do to stop his cheat. One is he can vote when he gets proxy statements. I would guess that most people do what I do when they get proxy statements, throw them away. You can spend 20 minutes or a half hour reading the fine print, figuring out what the issue is and voting on it and not making any difference to the outcome, or you can throw it away. Say throw it away. Number two, he can report a change of address. You have no occasion to do that if your address doesn't change. Mine hasn't changed for 30 years. Number three, he can deposit his dividend checks. I sometimes lose them. It's $11, $12. My income does not justify a trip to the bank for that. No, Your Honor. Your Honor, if I may, the stock has to be in the name of someone whose address is unknown. The individual like you who has the same address, who is constantly getting the annual reports, you are not unknown. The State is no more going to get a holder's report on you than it would on Mr. Lusby Taylor now because they know very well where he is. If I make a bank deposit and neither make a deposit or a withdrawal or notify the bank for a period of time, they'd seize the money, wouldn't they? If the bank doesn't know where you are, Your Honor, if the bank, the bank has to undertake certain actions to find you before they file this holder's report. It's not that we are just leaving our property, say, with a holder. That's not how it works. What happens is that the bank says we've got this property and we can't find Judge Beezer. We don't know where he is. We have tried. We have sent mail to him. It has come back. We don't know where his current address is. That's when the property is transferred to the State after three years. It's not if you just don't cash a dividend check, Your Honor. It's if they don't know where you are. And that's the major difference. In this day and age with stockholders required to give the company their Social Security numbers, identification is not very difficult. I agree, Your Honor. And that's why we don't have the problem that these plaintiffs claim that we do. The Court, I think, is really looking at the wrong issue here. The issue is not whether we are all in danger of having our property eschewed to the State. The issue is whether under the Eleventh Amendment, this particular case involving these particular individuals whose property is eschewed in 1990. In your presentation on the Eleventh Amendment, I asked you before about the ability to recover the value of a stock when you sell it as not being a violation of the Eleventh Amendment. I'm not sure what your answer was. You said something about you could recover it in State court, but we're talking about the Eleventh Amendment in Federal court. Why can't you recover the value of your stock when it was sold? In the Federal court, Your Honor? It's not State funds at that point, is it? Well, I would refer the Court to Blanchard v. Native Village of, and I'm going to have to butcher the pronunciation, Your Honor. Thank you, Your Honor. You were on the case. My case. Yes. I was the district judge. And there, this circuit very clearly said that even holding $611 for that particular Native Village, that particular request for equitable restitution, they tried to call it everything else but. Well, it didn't sell what the $611 was. The State gave all off-the-highway villages the same amount of money per capita. And the Native Villages said that's unfair as a matter of Indian law. The money should only be divided among the Native Villages. So we're entitled to more money.  And I dismissed under the Eleventh Amendment, Ninth Circuit reversed. The Supreme Court reversed the Ninth Circuit. Correct. And the $611, which they tried to argue in all sorts of ways, was not going to come out of the State treasury, was not an Eleventh Amendment. Why is this coming out of the State treasury? Because the money goes into the State treasury, Your Honor. The unclaimed property funds. It's in the bank account. It's in the name of the State, but I don't see how that's. The money is in the State treasury. Treasury. Mr. Lusby-Taylor is asking for the difference between the $200,000 that was eventually paid to Intel as part of a settlement that he had of his claims against them. I'm not talking about the $200,000. I'm not talking about the. Well, the $200,000, Your Honor, even under the Noatech case, is an action against the State for retrospective relief that is barred by the Eleventh Amendment. You don't get into the Eleventh Amendment unless you are tapping State funds, it seems to me. It clearly is State funds, Your Honor. The money that. The guy who owns the stock. Pardon me? Property of the man that owns the stock. You're assuming custody of the stock and it thereby comes to your property. I don't know. Yes. Kind of like when you tow somebody's car or you run an ERISA plant. Your Honor, the money goes into the State treasury. It goes into the unclaimed property fund. The interest and all of the income from the money then go into the State treasury. Any difference between what Mr. Lusby-Taylor is claiming and what he got has to come out of State funds that are undeniably State funds. Even if you. It says that you hold the funds in custody. Correct. But you don't. You don't hold the funds. Instead, you take them and put them in the State treasury. Then he's deprived of a remedy? He's not deprived of a remedy, Your Honor. He has a remedy in State court. He has an administrative law claim. The Eleventh Amendment applies to that property. That's the. Your Honor, I see no way that the Eleventh Amendment could not apply to that property. This is clearly retrospective relief under Pennhurst, under Edelman v. Jordan, under Quirin v. Jordan. I guess the real question there would be whether the Eleventh Amendment implicitly contained an exception for Fifth Amendment takings. The Eleventh. I'm sorry. As far as I can tell, you do not have a case that speaks expressly to that issue. I've never seen a case that speaks to that issue, Your Honor. I have never seen a case in which the State claim that it was being asked to pay money in Federal court in a lawsuit was denied as an Eleventh Amendment jurisdictional issue. I've never seen such a case. Thank you, counsel. Thank you. Your Honor, I wish to ‑‑ I guess I'm entitled to some extra time, but I don't have the time. Take some time over that if you need it. First of all, what you've highlighted is the fact that California is in desperate financial straits, and we have resorted to taking people's retirement funds to balance our budget without notice. To answer each of your questions in turn, we pleaded a case of 42 U.S.C. 1983. It was against the State official. It alleges that personal damage is against her. It's in the prayer. It's in the claims themselves. I could have amended that if it had been raised at the hearing. There was no hearing. If that was a big issue, I could have put in her individual capacity on the cover sheet. Number two, you put your finger precisely on it on the notice. This case is about notice. They didn't need to plead 11th Amendment. They could have shown up in court the first day, attached the notices, the direct mail notice required under Mullane and Walker. They could have attached the newspaper publication notices that were required under 1531. These are in their code sections. As part of my Rule 11 obligations, I went to the State archives. There are no publication notices. Attached as exhibits to my complaint are Exhibit A, the internal memo from the controller. On the first page, starting in 1989, it says, Notice Not Sent. That's the direct mail notice. On the second page of the memo, it explains to you how our State became bankrupt and that it was expensive to send the notices, so they stopped sending them. Hold on, where? It's attached as Exhibit A to the complaint. Those are, what you're looking at right there, those are the newspaper notices. Those are the only notices that people get. They're attached as Exhibit B. And you will see at the bottom, they footnote it. At the bottom of those cartoon ads, this ad is in lieu of Section 1531, right at the bottom. So they made these cartoon ads which are not calculated to reach the people. And that's the only notice that Mr. Lusby Taylor and Ms. Pebbles-Gonzalez got that their retirement funds were being destroyed. That's it right there. And that in lieu of language shows that they did not give the statutory notice? That means it was a knowing disregard of the statute, which is Section 1531. And that's the critical notice section in the code. That lays out the requirements, the timing requirements for the direct mail notice. It lays out the timing requirements and content of the publication notice. And the third point is it lays out the affirmative steps that the State has to do, that you touched on, to locate these people because we have their Social Security numbers. And in Section 1531, it says if the Social Security number is there, they have to go to the tax authority and send them the direct mail notice because the people are paying taxes. So it's a disconnect that they're then lost. So people are still paying taxes on this property that the State has taken away from them? Yes. The other point that you touched on is, and you'll see this in their brief, they can't cite their own cases which are annotated underneath the code section. So we go to patent and mineral rights laws in Indiana and banking laws in the State of Texas. In our brief, I cite the Supreme Court cases and the cases that are annotated under their code sections. The reason they can't cite their own laws is they're so far outside of them that they can't bring them in. The 11th Amendment immunity only applies when people are acting within the scope of the Constitution and their laws. When a State official knowingly disregards the law. I'm sure that that's true. I think if you sue for damages, well, in the 1983 case, you've got your 11th Amendment problem even if they acted contrary to law. Pennhurst, Larson, other Supreme Court cases, when a person has discretion, yes. Contracting issue, decision not to contract, payment under a contract, yes. Land v. Dollar, ex parte Young, exception carved out in Pennhurst, your decisions in Enray Elliott and Duke Energy, no. You cannot as a State official knowingly disregard the U.S. Constitution and your laws and still argue that you're entitled to 11th Amendment immunity. Your clients haven't complied with any administrative requirements with regard to recovering their property, have they? Two points on that. The U.S. Supreme Court decision in Williams v. Horvath. This is a 1983 action. We're not at – we don't have to go to the State court and comply with their administrative court claim. I'm not talking about going to the State court. I'm talking about administrative procedures to recover property. There is no administrative procedure here, Your Honor. Our contention is that this property was taken without due process. There's no administrative procedure for recovery? No. No refund claims? You can go file a claim form, try to get what's left. I'm talking about, have you done that? Mr. Lusby-Taylor actually sued Intel Corporation and forced their board of directors to pass an order to return part of his investment. Ms. Pebbles-Gonzales, the flight attendant, filed the claim form, and that's how we know that it was – they can't find anything. So they can file a claim form with the State? They can file a claim form to get back what is left of the investment. But here, you're selectively applying under Section 15, I believe it was 1540. It gets back what was left. It's not they take your stock and then you have a year to file a claim and they'll give you back all your stock or all your money, whichever they have. And let me point out – yes, Your Honor. Let me point out the obvious misstep there. This is a statutory scheme. It's meant to be applied in each section. We've alleged that they didn't comply with the notice provisions of 1531. Therefore, claim presentment under 1541 or immunity under 1566 doesn't apply because they didn't comply with the sections that were to protect the property owners. So you're saying you don't have to follow the administrative claims procedure because the State didn't follow the procedures that come prior to the administrative claims procedure? That would lead to a – that's statutory construction. That would lead to an absurd result. You'll find the decisions against the State in Bank of America v. Corey. You cannot apply the sections you like and not apply the sections you don't like. Tell me a little about Williamson. Why wouldn't you have to sue in State court or pursue whatever remedies you have in State court as well as your State administrative remedies prior to getting it to Federal court? Because, Your Honor, we have alleged constitutional violations. We have alleged the – that this is the forum. I made a very conscious decision to bring this case into Federal court because I had acted for five years as one of the chief counsels for one of the major agencies in the State. I knew that the governor was the former controller. I knew that the attorney general was against me. And I knew that the judges that I'd be in front of are all appointed by them. And I thought I had a better shot being in front of you than in front of a State court in a bankrupt State. I would like to – just a couple final comments. There was a – first of all, the complaint states these people were known. The lady is still working on the airline. Their addresses are in there. They have their Social Security numbers. 1531 required the State to take affirmative acts to protect these property owners. They disregarded those sections. Their addresses were known. The purpose of the State was to – of the statute was to reunite the property owners with their property. Let me tell you something very fundamental. If you don't tell the people that you have the property, how are you ever going to reunite them? How are you ever going to what? Reunite them. A final point. What is the flight attendant entitled to recover at this point? Since the stock is worthless. Well, it's been destroyed utterly. It's gone. There's nothing she could – It's worthless, but, you know, what's the measure for recovery? Let me point out to you that at one point that stock was selling for $108 a share, but she – Maybe I should ask you a question. What's she entitled to now? She's entitled to a like property or the reasonable value of her property. What is that? $800,000 or similar stock. I mean, that's the value of the stock as of when? Well, let me point – you raise a very good point, Your Honor. Another key section of this code required the controller to sell this stock to protect the property owner, but they didn't sell the stock and they didn't exchange it, and she was blocked from taking any action. So what is she entitled to now? She'd be entitled to reasonable value of her investment or similar property. If I can't – if, for example, in the Minsky case, maybe I can't replace the exact bird, but I can give you a similar bird. My question is, as of what date are you going to value the stock for this purpose? That's my question. Well, if I were in front of the court – in front of the district court briefing this on a damages theory, I would pick a trigger date and I would argue that trigger date and that point of attachment for damages purposes. I would argue, for example, the point of the highest value of the property during the time it was taken from me. I might argue that I'm entitled to similar property, or I might be entitled to the wrongful investment itself as the TWA stock or whatever it was was rolled over in the investment pool. I might be entitled to a tracing of that property to show how it grew in the State's investment pool. And the State certainly wouldn't – It traces very far, though, in the case of TWA, I don't think. Well, I think it illustrates the harm that's been caused here. Thank you, counsel. Thank you, Your Honor. Taylor v. Connell is submitted. I'd like a minute with counsel, Mr. Palmer. Please return to the podium, Judge. This has nothing to do with my decision in the case, and it has something to do with your method of practice. You have signed a certificate attached to your brief that you're using 14-point type throughout. And I'm just looking at page 39 as an example, and there's the print at the bottom, and that is not 14-point type, and your certification is wrong. And I wish you would correct your practice. I don't like using sanctions to correct these matters. The other thing, I don't know whether there are any bonding companies or anybody else that may or may not be involved in this action, but you have not given the Court the benefit of any list of possible disclosures that we might have on the bench, which concerns me, because I have some insurance stocks, and if I find a bonding company is behind some of this, then I'm in trouble even hearing the case. So if you have a disclosure list, put that in front of the brief so that judges can get them right away and refuse themselves from those cases where we must. I'm sure other judges have the same kind of problem. So the rules are there for a purpose, and we will appreciate it if you'll abide by them. I want to thank you both, really, for verifying briefs in a very difficult case. Yes, it certainly deserved a lot more than the 10 minutes per side that it was listed for. It's an interesting and difficult case. For your time, and I respect your admonishment. Thank you, counsel. Next is United States v. Morgan. Oh, this is a phone argument. Would you go ahead and get them on the phone?
judges: Cudahy, Beezer, Kleinfeld